**Bruce BROWN, Petitioner–Appellant,**

v.

**John SMITH, Superintendent, Sha-
wangunk Correctional Facili-
ty, Respondent–Appellee.**

No. 04–2467–pr.

United States Court of Appeals,
Second Circuit.

March 3, 2006.

Sally Wasserman, New York, N.Y., for
Plaintiff–Appellant.

Ilisa T. Fleischer, Assistant District At-
torney, (Denis Dillon, District Attorney,
Nassau County, on the brief; Tammy J.
Smiley), Mineola, N.Y., for Defendants–
Appellees, of counsel.

PRESENT: Hon. JAMES L. OAKES,
Hon. CHESTER J. STRAUB, and Hon.
REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner–Appellant Bruce Brown
("Brown") appeals from a judgment en-
tered on March 18, 2004, in the United
States District Court for the Eastern Dis-
trict of New York (Joanna Seybert,
*Judge*) denying his petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. Although the District Court denied Brown's petition in its entirety, it granted a certificate of appealability on the issue of whether Brown's right to an impartial jury was violated by the trial court's refusal to grant a mistrial because the impartiality of the jury was tainted during *voir dire* by extra-record information from the victim's mother. Only excusing the venire members who acknowledged knowing of extra-record information, according to Brown, was insufficient to remedy the prejudice caused by the victim's mother's comments. Brown claims that comments made by a venire member and overheard by a court officer in the courthouse hallway prove that potential jurors were privy to prejudicial information even after the trial court took remedial action. Whether the trial court erred by not granting a mistrial[1] is the only issue before us because, on March 1, 2005, we denied Brown's motion to expand the certificate of appealability to include a claim that his rights under the Confrontation Clause of the Sixth Amendment were violated.

We assume the parties' familiarity with the facts, the procedural history, and the specification of issues on appeal.

Under 28 U.S.C. § 2254(d), as modified by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214, 1216, we may only grant relief to Brown if the decision of the Appellate Division, "involved an *unreasonable* application of[ ] clearly established Federal law, as determined by the Supreme Court of the United States ... [or] resulted in a decision that was based on an *unreasonable* determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (emphasis added).[2]

The Appellate Division's conclusion that the trial court did not err by denying a mistrial is not unreasonable. "On § 2254 review, the state trial court is entitled to a presumption of correctness with respect to its conclusion that the jury was impartial." *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 813 (2d Cir.2000). "[T]he Supreme Court has made it clear that the 'trial court's findings of impartiality [may] be overturned only for manifest error.'" *Id.* (quoting *Knapp v. Leonardo*, 46 F.3d 170, 176 (2d Cir.1995) (alteration in original)). We must determine whether there is "fair support in the record for the state court['s] conclusion that the jurors here would be impartial." *Patton v. Yount*, 467 U.S.

1. The District Court included in its certificate of appealability the issue of whether the trial court erred by not conducting a further examination of the venire. Brown does not argue this point on appeal and contends that a mistrial would have been the only appropriate remedy. Nevertheless, the trial court did not err by not further inquiring into the matter. *See United States v. Tsanas*, 572 F.2d 340, 347–48 (2d Cir.1978) (holding that "there is no requirement that each juror must be examined individually to determine whether he" or she has been exposed to extra-record information, in this case a prejudicial news article).

2. The "contrary to" clause of 28 U.S.C. § 2254(d) is not relevant to this case because

the Appellate Division did not "arrive[ ] at a conclusion opposite to that reached by this Court on a question of law or ... decide[ ] a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Where—as in this case—"a state court fails to articulate the rationale underlying its rejection of a petitioner's claim, and when that rejection is on the merits, the federal court will focus its review on whether the state court's ultimate decision was an 'unreasonable application' of clearly established Supreme Court precedent." *Sellan v. Kuhlman*, 261 F.3d 303, 311–12 (2d Cir.2001).

1025, 1038, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984).

As detailed in the thorough opinion of the District Court, there is fair support for the trial court's conclusion that the empaneled jury was impartial. The record is devoid of any evidence that an empaneled juror knew of the comments made by the victim's mother. Although "extra-record information of which a juror becomes aware is presumed prejudicial," *United States v. Greer,* 285 F.3d 158, 173 (2d Cir.2002), we will not presume that the jury actually became aware of the extra-record information, *see United States v. McDonough,* 56 F.3d 381, 386 (2d Cir.1995) (stating that "canvass[ing] the jury to find out if they have learned of the potentially prejudicial publicity" is a required step); *see also Mu'Min v. Virginia,* 500 U.S. 415, 425, 111 S.Ct. 1899, 114 L.Ed.2d 493 (1991) (rejecting argument that each potential juror must be interrogated individually regarding pretrial publicity). Moreover, Brown has failed to develop an evidentiary record showing that the jurors who actually heard the case learned of extra-record information during *voir dire.*

Brown's argument that the comment overheard by the court officer proves that other venire members knew of the victim's mother's statements does not rise above the level of mere speculation. This argument runs contrary not only to the presumption of correctness that we must accord the verdict, *see Fama,* 235 F.3d at 813, but also to the evidence in the record. The four venire members who engaged in a conversation with the victim's mother were promptly excused. The trial court then questioned the venire members to determine if they had heard any out of court statements related to the trial. Two venire members came forward in response to the trial court's question and were excused. The trial court again asked the venire members if they knew of extra-record information concerning the case. No venire member came forward. Although the trial court's inquiries were conducted prior to the revelation of the court officer's comments, they occurred after the alleged comments were made. Moreover, the trial court's questions were sufficiently broad that a juror would have understood them to require report of any remarks overheard outside of the courtroom. Indeed, the fact that two venire members came forward in response to the trial court's first question shows that the venire members understood the trial court's questions. Even in light of the court officer's statements, the trial court did not unreasonably conclude that it had cleansed the venire of those who were exposed to extra-record information.

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED.**